*197
 
 Ruffin C. J.
 

 A. deed for land, duly proved and registered, passes the land by the express words of the Act of 1715 ; and it is necessarily evidence to that purpose upon every occasion on which it may be offered. For the purposes of this trial, ihdeed, it would only have been necessary to show, that the deceased professed to have a deed for the prisoner’s land, and it would be immaterial whether it was genuine or not. But here it was
 
 prima facie
 
 genuine, and therefore was, at all events, properly received.
 

 The Court has had some doubt of the sufficiency of the indictment, by reason of the false spelling of the day of the month. But, after consideration, we think ourselves obliged to let the sentence stand. We are inclined to the opinion that the indictment is good at common law, because, although the word “ tweflth,” is spelt wrong, by transposing the letter
 
 f,
 
 and placing it before, instead of after
 
 l,
 
 yet it is impossible to mistake the meaning. The false spelling makes no other word, that could mislead. But at all events, the Act of 1811,
 
 Rev. Stat. Ch.
 
 35,
 
 Sec.
 
 12, cures the defect, if it be one. That makes the indictment sufficient if it “contain the charge expressed in a plain, intelligible, and explicit manner and forbids it “to be quashed or judgment arrested for or by reason of any informality or refinement, where there appears to the Court sufficient, in the face of the indictment, to induce them to proceed to judgment.” It would certainly be much more satisfactory to the Court, if the Act had specified the omissions or defects, which in the opinion of the Legislature ought not to invalidate the indictment; as has been done in England, by an Act on the same subject, that of 7 and 8
 
 Geo.
 
 4
 
 C.
 
 64. Among other things, that provides that no judgment shall be stayed or reversed for want of the averment of any matter unnecessary to be proved, nor for omitting to state the time at which the offence was committed in any case, when
 
 *198
 
 time is not of the essence of the offence, nor for stating the time imperfectly. At common law, it was indispensable, that the indictment should fix some certain day at which every material fact constituting a crime occurred. But, although that was the form of the indictment, yet the authorities fully show, it was only material that the time laid should be before the bill found; for, whatever time was laid, it was sufficient to prove on the trial that the offence was committed before the prosecution commenced — unless in those cases in which, the time enters into the oiien.ee, and of course, must enter into the description of it — as when an act is made criminal if done in the night, or between such and such days of the year, or the like. In respect to murder, the time is material in one respect, and but in one ; which is, that it must appear on the bill, that the day of the death, as laid, is within a year and a day from that of the wounding-. For, if it bo not so laid, the indictment does not charge murder, as the law attributes the death, not happening within a year and day, to some other cause than the Wounding. The present indictment is sufficient in that pespeqt; for, upon the supposition that there is no day of fhe month laid, it lays the time of the felonious assault and stabbing to he in August IS 16, and that Flowers “then and there instantly died1’ thereof. The whole therefore occurred before the bill found, which was in the latter end of September or first of October following. The question then is, whether the Act of 1811 will support an indictment, which fails to lay a certain
 
 day
 
 as that of committing the crime, but plainly charges it to have been done in a certain month before the bill found, The Court is of opinion, that in order tq give effect to the clear purpose of the Legislature, and advance the policy of the Act, it must receive that construction. The indictment is perfectly plain, and intelligible as it is ; for wc sec clearly, that the crime of murder is charged, and
 
 *199
 
 that, as charged, it was perpetrated before the bill was found. We know not what defect can come within the terms “ informality or refinement,” if the omission of the particular day of the offence committed do not; since, if it had been inserted, its only office would be to show
 
 a
 
 time before the finding of the indictment, and the proof might be of any other day, provided only, it also be before the finding of the bill. It has been heretofore held, under the Act, that the indictment need not ebarge any matter which need not be proved on the tidal.
 
 State
 
 v.
 
 Moses,
 
 2 Dev 452.
 
 State
 
 v.
 
 Green,
 
 7 Ired. 39. Upon the same reasoning it follows, that it is sufficient to lay any matter in the bill, in the manner in which it is necessary to prove it: for that is the substance of the thing. If the bill here had laid, the twelfth of August, 1846, as the day of the offence, proof that it was done in August, either before or after the 12th or without specifying any day, would suffice. Then the indictment is unnecessarily formal, if it go into further particulars, to which no proof need be adduced. To what good end, as the law stands upon the statute, would such an averment in the bill tend ? None, unless it be, to render the profession more studious of the precedents, and emulous of perfect pleading. But that is a good result, to the attainment of which, we are not at liberty to sacrifice the intention of the Legislature, that the execution of justice shall not be delayed, nor offenders escape punishment by “exceptions, in themselves, merely formal,” and technical niceties.
 

 We probably do not perceive the point of the objection to the order of removal. It has occurred to us, that possibly it was founded on the language of the order being different from that of the statute in this : that the order is, “that
 
 the trial
 
 of the prosecution be removed,” whereas the language of the Act is, that the Court shall order “a copy of the record of said cause to be removed to some adjacent County for trial.” But in substance, the Act is,
 
 *200
 
 that the place of
 
 trial
 
 is changed; and the other part of the enactment is merely directory as to the document on which the trial is to proceed, namely, on a transcript instead of the original record. Upon the whole order, it appears, that the prisoner and the cause were removed, for trial in the Superior Court of Law of Columbus County; and it is seen in the record from Columbus, (which is that before us,) that a transcript from Robeson Superior Court was afterwards filed in the Court of Columbus, and the prisoner tried and convicted on it. Those things certainly shew a full compliance with the law.
 

 The Court therefore perceives no error in the judgment.
 

 Per Curiam. Ordered to be certified accordingly